Chad BERTRANG, Plaintiff,

v.

WISCONSIN CENTRAL, LTD., Defendant.

Civ. No. 14–0133 (SRN/JJG).

United States District Court, D. Minnesota.

Signed Aug. 22, 2014.

365

James H. Kaster, Nicholas D. Thompson, David E. Schlesinger, Nichols Kaster, PLLP, Minneapolis, MN, for Plaintiff.

Holly M. Robbins, Joseph D. Weiner, Littler Mendelson, PC, Minneapolis, MN, for Defendant.

## ORDER

JEANNE J. GRAHAM, United States Magistrate Judge.

This matter is before the Court on Plaintiff Chad Bertrang's Motion to Compel Rule

30(b)(6) Deposition (ECF No. 17). The Court took the matter under advisement after oral argument on August 20, 2014, at which David E. Schlesinger appeared on behalf of Plaintiff and Joseph D. Weiner appeared on behalf of Defendant Wisconsin Central, Ltd.

## I. Background

Plaintiff brought this action against Defendant for retaliation and discrimination under the Federal Railroad Safety Act ("FRSA"), 49 U.S.C. § 20109, alleging he was terminated from Defendant's employment for reporting a workplace injury that occurred on July 11, 2011. (Compl. ¶¶ 1, 9–10, 29, Jan. 1, 2014, ECF No. 1.) On July 2, 2014, Plaintiff noticed Defendant of a Rule 30(b)(6) deposition of a corporate representative of Defendant and outlined eight topics of testimony. (Schlesinger Decl. Ex. 1, Aug. 1, 2014, ECF No. 21.) Defendant responded with a letter objecting to each of the topics stated in the notice of deposition (*id.* Ex. 2), and Plaintiff subsequently brought this Motion to Compel.

## II. Discussion

The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R.Civ.P. 26(b)(1). Evidence is relevant when (1) "it has any tendency to make a fact more or less probable than it would be without the evidence" and (2) "the fact is of consequence in determining the action." Fed.R.Evid. 401. Courts have construed the Federal Rules of Civil Procedure as authorizing broad discovery. *Penford Corp. v. National Union Fire Ins. Co. of Pittsburgh*, 265 F.R.D. 430, 432 (N.D.Iowa 2009). Upon a showing of "good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

### A. Topic One

■ Topic one of Plaintiff's notice seeks "[t]he number of injuries reported by employees of Defendant from January 1, 2008. For each injury reported, whether there was a formal investigation performed by Defendant, the findings of the investigation, any discipline that resulted from the investigation." (Schlesinger Decl. Ex. 1.) Defendant argues the topic is overbroad with respect to time and scope, is irrelevant, seeks private information of non-parties, and is better suited for non-testimonial discovery.

The information Plaintiff seeks is relevant to his claim, but a deposition is an inefficient means of obtaining it. Therefore, Plaintiff's Motion to Compel is granted in part as to the information requested in topic one but denied with respect to the form taken. Because the information Plaintiff seeks is better suited to an interrogatory response, the Court grants Plaintiff leave to propound an interrogatory requesting (1) the existence of any reported injury, (2) whether Defendant formally investigated the injury, and (3) whether any discipline resulted from the investigation. Moreover, Plaintiff's temporal scope is limited to injuries reported between July 11, 2009, and July 11, 2013.

### B. Topic Two

In the second topic listed in his notice, Plaintiff seeks "[a]ll claims alleging violations of 49 U.S.C. § 20109 brought against Defendant from January 1, 2008[,] to the present and the results of those claims." (Schlesinger Decl. Ex. 1.) Defendant argues the request is overbroad because it is not limited to the engineering department—the department in which Plaintiff worked—and seeks information about § 20109 claims other than those relating to workplace injuries.

■ Information relating to § 20109 claims alleging Defendant disciplined an employee for reporting a workplace injury is clearly relevant to Plaintiff's claim. And Plaintiff alleges a company-wide practice of retaliation, not simply a practice in the engineering department. Although the Court is uncertain of the connection between different departments within Defendant's overall company structure, Plaintiff's request for information about company-wide claims is not unduly burdensome. Therefore, with respect to topic two, Plaintiff's Motion is granted to the extent that Plaintiff may question Defendant's designee about all claims against De-

fendant alleging violations of § 20109 related to reporting a workplace injury made between July 11, 2009, and July 11, 2013.

## C. Topic Three

■ In his third topic, Plaintiff requests "Defendant's policies, practices, and procedures regarding employees filing injury reports from January 1, 2008[,] to the present." (Schlesinger Decl. Ex. 1.) Defendant counters that the information requested here is duplicative of other testimony.

■ Although Plaintiff has received deposition testimony from other witnesses on this issue, a Rule 30(b)(6) deposition is distinct from the depositions of those witnesses. In a Rule 30(b)(6) deposition, the corporate representative and the corporation are one and the same. *See Sprint Commc'ns Co. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D.Kan. 2006). "The Rule 30(b)(6) designee does not give his personal opinion. Rather, he presents the corporation's position on the topic. The designee testifies on behalf of the corporation and thus holds it accountable." *Id.* (quotations and citations omitted). For this reason, Plaintiff's Motion with respect to topic three is granted to the extent that Plaintiff may question Defendant about its "policies, practices, and procedures regarding employees filing injury reports" from July 11, 2009, to July 11, 2013.

## D. Topic Four

Plaintiff's fourth topic asks for "Defendant's policies, practices, and procedures regarding investigating and determining the cause of injuries from January 1, 2008[,] to the present." (Schlesinger Decl. Ex. 1.) As it did with topic three, Defendant characterizes the information this topic seeks as duplicative.

■ Because the information Plaintiff seeks is relevant and because a Rule 30(b)(6) deposition of a corporate designee is distinct from the deposition of other witnesses, Plaintiff's Motion is granted in part with respect to topic four. Plaintiff may question Defendant about its "policies, practices and procedures regarding investigating and determining the cause of injuries" from July 11, 2009, to July 11, 2013.

## E. Topic Five

■ Topic five of Plaintiff's notice seeks "Defendant's policies, practices, and procedures regarding of [sic] reporting injuries to the Federal Railway Administration ... from January 1, 2008[,] to the present." (Schlesinger Decl. Ex. 1.) Defendant contends that these topics are irrelevant to Plaintiff's claim because the Federal Railway Administration ("FRA") does not administer or investigate claims under the FRSA and the FRSA does not distinguish between FRA-reportable and FRA-non-reportable injuries.

Although questions about this topic may not be directly relevant to Plaintiff's claim, the Court may permit discovery of "any matter relevant to the subject matter involved in the action," Fed.R.Civ.P. 26(b)(1). Because the Court is persuaded that the topic is reasonably calculated to lead to the discovery of admissible evidence, Plaintiff's Motion to Compel is granted in part with respect to topic five. Plaintiff may question Defendant's designee about Defendant's policies, practices, and procedures regarding reporting of injuries to the FRA from July 11, 2009, until July 11, 2013.

## F. Topic Six

Plaintiff's sixth topic requests "Defendant's policies, practices, and procedures regarding disciplining employees for incidents that relate to injuries from January 1, 2008[,] to the present." (Schlesinger Decl. Ex. 1.) Plaintiff argues this topic is relevant because no information exists on the record that Defendant does not discipline employees for reporting injuries, while Defendant counters that it cannot respond to the topic because it does not engage in the practice of disciplining employees for reporting injuries.

■ If Defendant does not have any policies, practices, or procedures relating to disciplining employees for incidents relating to injuries, Defendant's representative may say so, and preparing a representative for questioning on such a topic should not be difficult. If such a policy or practice does exist, however, that information is certainly relevant to Plaintiff's claim.

Therefore, with respect to topic six, Plaintiff's Motion is granted to the extent that Plaintiff may question Defendant's representative about "Defendant's policies, practices, and procedures regarding disciplining employees for incidents that relate to injuries" from July 11, 2009, until July 11, 2013.

### G. Topic Seven

In his seventh topic of the notice, Plaintiff seeks

Defendant's policies and practices, from January 1, 2008[,] to the present, regarding Defendant's use of injury[-]related data when making personnel decisions, including, but not limited to:

- awarding positions to an employee
- promoting and/or demoting employees
- determining compensation, including, but not limited to, bonuses
- determining whether to discipline employees and/or determining discipline severity.

(Schlesinger Decl. Ex. 1.) Defendant argues that this information is irrelevant because awarding positions and promoting and demoting employees are controlled by the terms of the collective bargaining agreement. Defendant also contends the information is duplicative because other witnesses have testified to the fact that Defendant does consider safety in awarding management bonuses.

To the extent that Plaintiff seeks information already revealed through the testimony of other witnesses, Rule 30(b)(6) depositions have the effect of binding a corporation in a way that fact witnesses cannot. *See Sprint Commc'ns Co.,* 236 F.R.D. at 527. And to the extent that Defendant's control over the use of safety information is controlled by a collective bargaining agreement, the representative may respond accordingly.

For these reasons, Plaintiff's Motion with respect to topic seven is granted to the extent that Plaintiff may question Defendant's designee about Defendant's policies and practices "regarding Defendant's use of injury[-]related data when making personnel decisions" from July 11, 2009, to July 11, 2013.

### H. Topic Eight

Finally, the eighth topic of Plaintiff's deposition notice seeks information concerning "Defendant's efforts to comply with the Federal Railway Safety Act, including any and all guidance, advice, decisions, and/or statements requested or received." (Schlesinger Decl. Ex. 1.) Because Defendant does not object to this topic, Plaintiff's Motion to Compel a response is **DENIED AS MOOT**.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Rule 30(b)(6) Deposition (ECF No. 17) is **GRANTED IN PART** and **DENIED IN PART**, consistent with this Order.